**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DIGITAL PAGING SYSTEM OF TOLEDO, INC., Respondent.**

No. 80–1470.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

Ward Summerville, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for respondent.

Before KEITH and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

### ORDER

The National Labor Relations Board is applying to the Court under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), to enforce its order against the Digital Paging Systems of Toledo, Inc., issued on April 29, 1980, to cease and desist from unfair labor practices, to reinstate an employee and to bargain with the Union. The Company filed an answer to the application. The application has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

In August, 1978, the Company demoted Carol Van Tuinen from the position of manager to salesperson in the Toledo office. She and the only two other employees in the bargaining unit became concerned over the security of their jobs and contacted a union agent. The three signed union authorization cards. The union agent met with the new manager to demand recognition. The manager began to interrogate Ms. Van Tuinen and the others about their knowledge of the union. On September 19, 1978, Company officials learned of the demand and two days later Ms. Van Tuinen was discharged. The Company thereafter refused to bargain with the Union, which then filed unfair labor charges against the Company.

As a result of the charges, the National Labor Relations Board held a hearing before an Administrative Law Judge. He found that the Company had unlawfully interrogated employees about union activi-

ty, improperly discharged Ms. Van Tuinen and refused to bargain with the Union in violation of § 8(a)(5) and (1). The ALJ recommended, *inter alia*, an order be issued requiring the Company to bargain with the Union.

The Company filed exceptions to the latter two findings. The Board affirmed the ALJ's decision and adopted his recommendations. That decision is reported at 249 NLRB No. 15 (1980).

The standard of review in Board cases is whether the Board's determination is supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Conflicts in the evidence are for the Board to resolve and, if supported by substantial evidence, such resolutions must be accepted by this Court. *NLRB v. Pinkerton's Inc.*, 621 F.2d 1322, 1324 (6th Cir. 1980). The same is true for determinations of credibility. *NLRB v. Cement Transport, Inc.*, 490 F.2d 1024, 1029 n.5 (6th Cir.), *cert. denied*, 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974).

Upon review, the Court has examined the record, including portions of the hearing held before the Administrative Law Judge. We find substantial evidence in the record to support the Board's findings of the unfair labor practices listed above. We also find the Board properly applied the guidelines of *NLRB v. Gissell Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) in ordering the Company to bargain with the Union.

Accordingly, enforcement of the Board's order of April 29, 1980, is hereby granted. Rule 9(d)3, Rules of the Sixth Circuit.